**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO, EX REL., )
RAÚL TORREZ, ATTORNEY GENERAL, )
 )
Plaintiffs, )
 )
 )
v. )     **Case No.: 1:26-cv-01857-DHU-JFR**
 )
KALSHI, INC. and KALSHIEX LLC, )
a Delaware Limited Liability Company, )
 )
Defendants. )
 )

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES................................................................................................. iii

I.     Introduction .........................................................................................................1

II.    Background ..........................................................................................................3

       A.   New Mexico Comprehensively Regulates Gambling and Gaming..................................3

       B.   New Mexico Sued Kalshi for Violations of New Mexico Law.......................................4

       C.   Kalshi's Attempts to Remove Similar State Cases Have All Failed..................................4

III.   Argument.............................................................................................................5

       A.   Removal is Improper Under 28 U.S.C. § 1441 .............................................................5

            1.   Legal Standards .......................................................................................5

            2.   An Ordinary Preemption Defense Cannot Justify Removal ...................................7

            3.   Kalshi Does Not Meet the Required Elements of the "Substantial Federal
                 Question" Doctrine ................................................................................. 8

                 i.    The Complaint Does Not "Necessarily" Raise Any Federal Law Issues ...... 9

                 ii.   No Centrally Disputed Issues of Federal Law Are Raised Under the
                       Complaint ............................................................................... 11

                 iii.  Removal Would Upset the Federal-State Balance Approved by Congress ... 12

       B.   Removal is Improper Under 28 U.S.C. § 1442(a)(1) ................................................... 15

            1.   Kalshi, a Private Company, Cannot Remove Under 28 U.S.C. 1442(a)(1) ........... 15

            2.   The Artful Pleading Doctrine Applies to Omitted Federal Questions, Not Parties

                 ............................................................................................................. 17

            3.   The CFTC Is Not a Required Party Under New Mexico Law ............................. 16

       C.   Removal is Improper Under 28 U.S.C. 1442(a)(2) ..................................................... 20

            1.   Kalshi Does Not Hold Property Derived From the Federal Government ............ 21

2.   This Case Will Not Affect the Validity of the Commodity Exchange Act ("CEA")

.................................................................................................................. 22

IV.   CONCLUSION ................................................................................................................ 23

**TABLE OF AUTHORITIES**

**CASES**

*Aaron Wise v. Central Trucking Inc.*,
No. 26-cv-00343, 2026 WL 1679428 (D.N.M. June 10, 2026) ..................................................5

*Ah Sin v. Wittman*,
198 U.S. 500 (1905) ...................................................................................................2, 13

*Baldonado v. El Paso Nat. Gas Co.*,
No. 08-cv-0008, 2008 WL 11322139 (D.N.M. May 7, 2008) ..................................................14

*Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*,
25 F.4th 1238, 1250 (10th Cir. 2022) ...................................................................................*Passim*

*Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*,
770 F.3d 944 (10th Cir. 2014) ...................................................................................7

*Beneficial Nat. Bank v. Anderson*,
539 U.S. 1 (2003) ...................................................................................7

*Brantley Farms v. Carlsbad Irr. Dist.*,
1998-NMCA-023, 124 N.M. 698, 954 P.2d 763.......................................................................20

*Caterpillar Inc. v. Williams,*
482 U.S. 386 (1987) ...................................................................................*Passim*

*Chevron USA Inc. v. Plaquemines Parish*,
146 S. Ct. 1052 (2026) ...................................................................................15

*Commonwealth vs. KalshiEX, LLC*,
No. 2584cv02525, 2026 WL 188019 (Mass. Super. Jan. 20, 2026) ........................................8

*Crow v. Wyoming Timber Products Co.*,
424 F.2d 93 (10th Cir. 1970) ...................................................................................20, 22

*Cunningham v. Cornell Univ.*,
604 U.S. 693 (2025) ...................................................................................10

*Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*,
693 F.3d 1195 (10th Cir. 2012) ...................................................................................8, 11

*Elephant Butte Irr. Dist. of N.M. v. Gatlin*,
1956-NMSC-030, 61 N.M. 58, 294 P.2d 628 .......................................................................20

*Est. of Kelly Unruh v. Premier Hous. Inc.*,
No. 16-cv-1262, 2017 WL 235046 (D. Kan. Jan. 19, 2017) ..................................................13

iii

*Fajen v. Found. Rsrv. Ins. Co.*,
    683 F.2d 331 (10th Cir. 1982) ...............................................................................5

*Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. For S. Cal.*,
    463 U.S. 1 (1983) ...............................................................................................6, 16

*FTC v. Morton Salt Co.*,
    334 U.S. 37 (1948) .................................................................................................10

*Georgia Gambling Recovery LLC v. Kalshi Inc.*,
    No. 25-cv-310, 2026 WL 279375 (M.D. Ga. Feb. 3, 2026) ...................................11

*Gilmore v. Weatherford*,
    694 F.3d 1160 (10th Cir. 2012) ......................................................................6, 9, 10

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
    545 U.S. 308 (2005) .........................................................................................*Passim*

*Greater New Orleans Broad. Ass'n, Inc. v. United States*,
    527 U.S. 173 (1999) ...............................................................................................13

*Greene v. Citigroup, Inc.*,
    No. 99-1030, 2000 WL 647190 (10th Cir. May 19, 2000) ......................................15

*Gunn v. Minton*,
    568 U.S. 251 (2013) .........................................................................................*Passim*

*Houston v. Moore*,
    18 U.S. 1 (1820) .....................................................................................................10

*KalshiEX LLC v. Johnson*,
    No. 26-cv-01715, Dkt. 49 (D. Ariz. Apr. 8, 2026)..................................................18

*Kentucky Gambling Recovery LLC v. Kalshi Inc.*,
    No. 25-cv-00054, 2026 WL 596107 (E.D. Ky. Mar. 4, 2026) ..........................11, 14

*Little v. Gill*,
    2003-NMCA-103, 134 N.M. 321, 76 P.3d 639........................................................18

*Massachusetts v. KalshiEx., LLC*,
    No. 25-cv-12595, Dkt. 34 (D. Mass. Oct. 28, 2025) ...................................1, 5, 7, 8

*Merida Delgado v. Gonzales*,
    428 F.3d 916 (10th Cir. 2005) .................................................................................5

*Merrell Dow Pharm. Inc. v. Thompson*,
    478 U.S. 804 (1986) .................................................................................................7

iv

*Micron Tech., Inc. v. Netlist, Inc.*,
  No. 25-cv-00323, 2026 WL 827618 (D. Idaho Mar. 25, 2026) ...............................22

*Murphy v. Nat'l Collegiate Athletic Ass'n*,
  584 U.S. 453 (2018) ......................................................................................2, 13

*Nessel v. KalshiEX, LLC*,
  No. 26-cv-731, Dkt. 20 (W.D. Mich. June 25, 2026) .....................................*Passim*

*Nicodemus v. Union Pac. Corp.*,
  440 F.3d 1227 (10th Cir. 2006) ...........................................................................14

*Ohio Gambling Recovery, LLC v. Kalshi Inc.*,
  No. 25-cv-1573, 2026 WL 865788 ..................................................................11, 14

*Phalen v. Virginia*,
  49 U.S. 163 (1850) ..............................................................................................13

*Posadas de Puerto Rico Associates v. Tourism Co. of Puerto Rico*,
  478 U.S. 328 (1986) .............................................................................................13

*Pueblo of Santa Ana v. Nash*,
  972 F. Supp. 2d 1254 (D.N.M. 2013) ...................................................................10

*Robertson v. Big Blue Healthcare, Inc.*,
  523 F. Supp. 3d 1271 (D. Kan. 2021) ...................................................................10

*Rutherford v. Merck & Co.*,
  428 F. Supp. 2d 842 (S.D. Ill. 2006) ....................................................................17

*Schmeling v. NORDAM*,
  97 F.3d 1336 (10th Cir. 1996) ...........................................................................7, 16

*Shay v. RWC Consulting Grp.*,
  No. 13-cv-0140, 2014 WL 3421068 (D.N.M. June 30, 2014) ...............................16

*Srader v. Verant*,
  1998-NMSC-025, 125 N.M. 521, 964 P.2d 82 ............................................1, 8, 19

*St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc. LLC*,
  809 F.Supp.2d 524 (E.D. La. 2011) ......................................................................21

*State Ethics Comm'n v. TNMP, Inc.*,
  741 F. Supp. 3d 960 (D.N.M. 2024) ......................................................1, 8, 12, 13

*State of Nevada ex rel. Nevada Gaming Control Board v. KalshiEX, LLC*,
  No. 26-cv-00406, 2026 WL 579364 (D. Nev. Mar. 2, 2026).............................*Passim*

v

*State of Nevada ex rel. Nevada Gaming Control Board v. KalshiEX, LLC*,
   No. 26-1304 (9th Cir. May 21, 2026) ........................................................*Passim*

*Tresco, Inc. v. Cont'l Cas. Co.*,
   727 F. Supp. 2d 1243 (D.N.M. 2010) .........................................................5

*Utah Physicians for a Healthy Env't, Inc. v. Harley-Davidson of Salt Lake City, LLC*,
   No. 22-cv-00473, 2024 WL 3276844 (D. Utah July 1, 2024) ...........................................2, 10

*Ute Indian Tribe of the Uintah and Ouray Reservation v. Ute Distribution Corp.*,
   455 Fed. Appx. 856 (10th Cir. 2012) ........................................................22

*Veneruso v. Mount Vernon Neighborhood Health Ctr.*,
   586 F. App'x 604 (2d Cir. 2014) .............................................................22

*Verlinden B.V. v. Cent. Bank of Nigeria*,
   461 U.S. 480 (1983) ........................................................................6

*Vermont v. MPHJ Technology Investments, LLC*,
   No. 14-cv-192, 2015 WL 150113 (D. Vt. 2015) .................................................21

*Washington v. KalshiEX LLC,*
   No. 26-cv-01062, 2026 WL 1217743 (W.D. Wash. May 5, 2026) .................................*Passim*

*Washington v. KalshiEx, LLC,*
   No. 26-3106 (9th Cir. May 21, 2026) .......................................................*Passim*

*Watson v. Philip Morris Companies, Inc.*,
   551 U.S. 142 (2007) .....................................................................16, 21

**STATUTES**

28 U.S.C. § 1331 ...............................................................................6

28 U.S.C. § 1441 ............................................................................ 6, 15

28 U.S.C. § 1442(a) ........................................................... .................15

28 U.S.C. § 1442(a)(1) .................................................................*Passim*

28 U.S.C. § 1442(a)(2) .................................................................*Passim*

28 U.S.C. § 1447(c) ..........................................................................22

Compiled Laws of New Mexico, Tit. IX, Ch. 5, § 880 ………..................................3

NMSA 1978, § 30-19-1(B) ...................................................................9, 10

NMSA 1978, § 30-19-2 ...........................................................................3

NMSA 1978, § 30-19-15 ..................................................................................................3, 9

NMSA 1978, §§ 60-2E-1 to -62 ..........................................................................................3

NMSA 1978, §§ 60-2E-2(A)................................................................................................3

NMSA 1978, §§ 60-2E-4 ......................................................................................................3

NMSA 1978, §§ 60-2E-5 ......................................................................................................3

NMSA 1978, §§ 60-2E-7(B)(2) ...........................................................................................3

NMSA 1978, §§ 60-2E-13(G), (A), (B) ...............................................................................3

NMSA 1978, §§ 60-2E-37 ....................................................................................................3

NMSA 1978, §§ 60-2E-56 ....................................................................................................3

## RULES

Rule 1-019 NMRA ......................................................................................................17, 20

Rule 1-019(A) NMRA ......................................................................................................18

Rule 1-019(A)(1) NMRA ..................................................................................................18

## I.    INTRODUCTION

The State of New Mexico, by and through Attorney General Raúl Torrez, ("the State") moves this Court to remand this case to state court. Respectfully, remand is not a close call—as demonstrated by the growing list of unsuccessful attempts to remove lawsuits brought by states to restrain Kalshi's gambling activity.[1] This case is no exception. Each theory Kalshi asserts here does not justify removal.  Each has been rejected by other federal district courts.

As "the master of [its] complaint[,]" the State pled only state claims arising under state statutory and common law on gambling and public nuisance. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 398-99 (1987). This case properly belongs in state court. *Id*. Kalshi, which has the burden of establishing that removal is proper, cannot satisfy any exception to this general rule. *See Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250 (10th Cir. 2022). Notably, reliance on a "plain vanilla federal preemption defense" is insufficient to confer federal question jurisdiction. *Massachusetts v. KalshiEx., LLC*, No. 25-cv-12595, Dkt. 34 (D. Mass. Oct. 28, 2025); *see also Caterpillar Inc.*, 482 U.S. at 399; *Suncor Energy*, 25 F.4th at 1255. State courts are better positioned than federal courts to interpret and enforce their own laws, *see State Ethics Comm'n v. TNMP, Inc.*, 741 F. Supp. 3d 960, 963, 966-67 (D.N.M. 2024), *reconsideration denied*, No. 24-cv-652, 2024 WL 3925412 (D.N.M. Aug. 23, 2024), *and appeal dismissed*, No. 24-2123, 2024 WL 5425442 (10th Cir. Sept. 24, 2024*)*, are perfectly competent to evaluate such preemption defenses, *Nessel v. KalshiEX, LLC*, No. 26-cv-731, Dkt. 20, at 7 (W.D. Mich. June 25, 2026), and New Mexico's highest court has done so. *Srader v. Verant*, 1998-NMSC-025, ¶ 26, 125 N.M. 521, 525-27, 964 P.2d 82, 86-88 (addressing gaming law).

---

[1] *See infra* Section II.C.

Kalshi is unable to satisfy the four requirements necessary to satisfy the "substantial federal question" doctrine, whereby the purported federal question must be (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance of power. The exceptions to New Mexico's definition of bet on which Kalshi relies do not reference, let alone necessarily raise, the application of federal law. Because the exceptions are asserted by Kalshi as an affirmative defense rather than as an essential element of any of the State's claims, the State has raised no federal issue. *See Utah Physicians for a Healthy Env't, Inc. v. Harley-Davidson of Salt Lake City, LLC*, No. 22-cv-00473, 2024 WL 3276844, at *18 (D. Utah July 1, 2024); *Suncor Energy*, 25 F.4th at 1266. Were this Court to exercise jurisdiction, doing so would disturb the balance of federal and state judicial responsibilities provided by Congress, as a "coherent federal policy" exists of respecting states' longstanding authority and strong interest in regulating gambling. *Murphy v. Nat'l Collegiate Athletic Ass'n*, 584 U.S. 453, 484 (2018); *see also Ah Sin v. Wittman*, 198 U.S. 500, 505–06 (1905).

Kalshi's attempt to use other statutes to support removal fare no better and have been rejected by other federal district courts. *Nessel*, No. 26-cv-731, Dkt. 20, at 10-12; *State of Nevada ex rel. Nevada Gaming Control Board v. KalshiEX, LLC*, No. 26-cv-00406, 2026 WL 579364, at *5-6 (D. Nev. Mar. 2, 2026); *Washington v. KalshiEX LLC,* No. 26-cv-01062, 2026 WL 1217743, at *2 (W.D. Wash. May 5, 2026). Its novel arguments that it can remove under 28 U.S.C. § 1442(a)(1) fail for too many leaps in reasoning—e.g., that Kalshi, a private company, is a "federal officer," and that the State must have joined the federal Commodities Futures Trading Commission ("CFTC") as a party to its state lawsuit. Similarly, Kalshi's theory under 28 U.S.C. § 1442(a)(2)— that it holds title to property derived from the United States—ignores that the statute contemplates real property, even assuming that the CFTC's designation of Kalshi can be construed as property.

2

This state case belongs in state court. Respectfully, the Court should remand forthwith.

## II.    BACKGROUND

### A.   New Mexico Comprehensively Regulates Gambling and Gaming

New Mexico has criminalized gambling since it was a territory. *See*, *e.g.*, Compiled Laws of New Mexico, Tit. IX, Ch. 5, § 880 (1884) ("Crimes and Offenses — Punishments;" "Gaming and Vagrancy"). Today, unless authorized by limited statutory exceptions, gambling and related activities remain crimes. *See, e.g.*, NMSA 1978, § 30-19-2 (1963) (criminalizing gambling), § 30-19-15 (criminalizing sports betting), § 30-19-3 (criminalizing commercial gambling). Certain activities that would otherwise constitute gambling activities have been authorized in New Mexico under the State's Gaming Control Act ("GCA" or "Act"), *id.* §§ 60-2E-1 to -62 (1997, as amended through 2023). Under the GCA, it is New Mexico's policy to permit "limited gaming activities[,]" provided they are "are strictly regulated to ensure honest and competitive gaming that is free from criminal and corruptive elements and influences." *Id.* § 60-2E-2(A). Pursuant to this policy, gaming in New Mexico is legal only if it has been expressly authorized by the GCA or other law. *See id.* § 60-2E-4.

The GCA creates a robust regulatory framework for gaming in the State, which the New Mexico Gaming Control Board ("GCB") oversees. *Id.* § 60-2E-5. Most pertinent, the GCB oversees licensing. *Id.* § 60-2E-7(B)(2). The Act forbids engaging in gaming activities, including conducting gaming and supplying a gaming device, without a state license. *Id.* § 60-2E-13(G), (A), (B). It prohibits anyone under twenty-one from participating in gaming, and further prohibits persons from permitting anyone under twenty-one to participate in gaming. *Id.* §§ 60-2E-37, -56. Neither sports betting nor online gaming are authorized by the GCA. Dkt. 1-1 ("Compl."), ¶¶ 10-12, 97.

3

### B. New Mexico Sued Kalshi for Violations of New Mexico Law

Kalshi operates a nationwide online platform that allows users to bet on sports. Compl. ¶¶ 1, 6-7, 23, 28, 34, 41. It has done so since January 23, 2025. Compl. ¶ 28. It does so by allowing users to purchase "yes" or "no" positions (what Kalshi calls "event contracts") on whether sporting events will result in certain outcomes, like the Denver Broncos winning on Sunday. *Id*. ¶¶ 3, 5, 32, 36-40. If a user purchases a position that corresponds with the outcome of the sporting event (like a Broncos' win), they receive money from Kalshi. *Id*. ¶ 40. Sporting events make up approximately 87% of the events contracts on Kalshi's platform as of May 13, 2026. *Id*. ¶ 28.

Kalshi's platform mirrors a traditional sportsbook's offerings, including by offering common forms of sports bets, charging a fee for facilitating sports bets, and ensuring users can bet on either side of any event contract whenever they wish. *Id*. ¶¶ 2-4, 29-31, 34-35, 41-62. Kalshi allows all individuals who are eighteen or older to use its platform, including for purchasing positions on sports-related event contracts. *Id*. ¶¶ 7, 63, 81-82, 84, 132, 149.

Kalshi provides its platform and sports-related event contracts to New Mexico consumers without a state license and further, allows New Mexicans under twenty-one to bet on its sports-related event contracts. *Id*. ¶¶ 6-7, 63-66, 84, 132-134, 137, 140-144, 149-152, 157-158, 163, 173. The New Mexico Attorney General sued Kalshi on June 4, 2026, in New Mexico's First Judicial District Court, asserting only state law claims arising under the GCA and state statutory and common law on public nuisance, seeking declaratory and injunctive relief against Kalshi's sports-related operations. *Id.* ¶¶ 130-175, Prayer for Relief.

### C. Kalshi's Attempts to Remove Similar State Cases Have All Failed

Every federal district court that has considered a state's motion to remand a case brought

4

against Kalshi in state court to enforce state gambling law has granted remand.[2] *Washington*, 2026 WL 1217743; *Nevada*, 2026 WL 579364; *Massachusetts*, No. 25-cv-12595, Dkt. 34; *Nessel*, No. 26-cv-731, Dkt. 20, at 14 (Kalshi "is on a losing streak with similar arguments in district courts across the country."). The only Circuit Court to consider remand found that Kalshi was unlikely to succeed on the merits of its remand arguments. *Washington v. KalshiEx, LLC*, No. 26-3106, Dkt. 19.1, at 1 (9th Cir. May 21, 2026) (in context of denying motion for stay pending appeal of remand); *State of Nevada ex rel. Nevada Gaming Control Board v. KalshiEX, LLC*, No. 26-1304, Dkt. 20.1, at 1 (9th Cir. May 21, 2026) (same).

## III.    ARGUMENT

### A.  Removal is Improper Under 28 U.S.C. § 1441

#### 1.  Legal Standards

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Suncor Energy*, 25 F.4th at 1250 (quoting *Caterpillar*, 482 U.S. at 392). Since federal courts' jurisdiction is limited, a strong presumption exists against federal courts' jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). Indeed, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted); *see also Aaron Wise v. Central Trucking Inc.*, No. 26-cv-00343, 2026 WL 1679428, at *1 (D.N.M. June 10, 2026) (same). Therefore, "[t]he removing defendant bears the burden of establishing that removal is proper." *Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243, 1246 (D.N.M. 2010);

---

[2] Wisconsin also has a motion to remand pending in federal court. Brief in Support of Motion to Remand, *Wisconsin v. KalshiEX LLC*, No. 26-cv-00378, 2026 WL 1771602 (W.D. Wis. May 14, 2026).

*see also Suncor Energy*, 25 F.4th at 1250 (same).

Under 28 U.S.C. § 1441, a party may remove an action to federal court if the federal court has original jurisdiction over the case. As relevant here, federal courts have original jurisdiction over actions "arising under" federal law. *Id.* § 1331. However, this "federal-question jurisdiction" is "cabined" by the "well-pleaded complaint rule":  the federal question must "'appear on the face of a well-pleaded complaint and may not enter in anticipation of a defense.'" *Suncor Energy*, 25 F.4th at 1255 (quoting *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 494 (1983)). Thus, "a federal defense, including preemption, cannot support removal." *Id.* (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 14 (1983)).

Federal courts have recognized an "exceedingly narrow" category of cases in which they have federal-question jurisdiction even though the claims arise under state law, namely, when the state-law claims "nonetheless turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *see also Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012); *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Under this "substantial federal question" theory, jurisdiction over a state-law claim can arise only if the embedded federal issue satisfies each of four requirements: it must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[3] *Gunn*, 568 U.S. at 258.

---

[3] Removal may also be appropriate when the state-law claims are completely preempted by federal law. *Suncor Energy*, 25 F.4th at 1255–57. "[C]omplete preemption is not the same as [ordinary] preemption." *Dutcher v. Matheson*, 733 F.3d 980, 985–86 (10th Cir. 2013). Ordinary preemption consists of defenses asserting "'express preemption,' 'conflict preemption,' or 'field preemption' to state law claims." *Meade v. Avant of Colorado, LLC*, 307 F. Supp. 3d 1134, 1140 (D. Colo. 2018). Kalshi does not argue that the state-law claims are "completely preempted" by federal law in its Notice of Removal, nor could it viably do so. Federal courts have uniformly rejected Kalshi's arguments that state-law claims are completely preempted by federal law, on other motions to remand. *See, e.g.*, *Nessel*, Dkt. 20, at 8 ("[N]o court Kalshi presented its complete preemption

Even under this doctrine, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). Nor can jurisdiction rely solely on a federal defense, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the federal defense is the only question truly at issue in the case." *Id.* (quoting *Caterpillar*, 482 U.S. at 392). (Neither of which exist here, *see infra* Section II.B and *supra* Section III.A.3.)

### 2.  An Ordinary Preemption Defense Cannot Justify Removal

As a threshold matter, Kalshi's ultimate position underlying its Notice of Removal is that its sports betting offerings are really sports-related "event contracts"; that event contracts are swaps under the Commodity Exchange Act ("CEA"); and that CFTC's new position since January 2025—that CFTC's jurisdiction over such swaps preempts the longstanding application of state gambling laws—is correct. *See, e.g.*, Dkt. 1, ¶¶ 9–12 ("Notice of Removal") (listing numerous pending federal cases involving ordinary preemption arguments by Kalshi and the CFTC); *id.* ¶ 12 (stating that "whether the CEA preempts state gaming regulations" raises serious questions); *id.* ¶ 17 (calling preemption a "central issue" in this case).

In other words, Kalshi's removal argument is based on nothing more than an ordinary preemption defense, which is *never* a basis for removal. *See, e.g.*, *Caterpillar*, 482 U.S. at 399 ("Congress has long since decided that federal defenses do not provide a basis for removal."); *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Suncor Energy*, 25 F.4th at 1255, 1261; *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996). The "possibility" that a federal issue

---

theory to ever found complete preemption.") (collecting cases); *Massachusetts*, No. 25-cv-12595, Dkt. 34; *Nevada*, 2026 WL 579364, at *4–5.

7

would arise in this action as a federal defense is "not enough" to establish jurisdiction. *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1211 (10th Cir. 2012).

Federal courts have repeatedly remanded state actions against Kalshi on this basis. *See Nevada*, 2026 WL 579364, at *3 ("[A] federal issue raised as an anticipated preemption defense is not sufficient to give rise to federal question jurisdiction."); *Nessel*, Dkt. 20, at 8 (Kalshi "cannot rely on its core argument that Michigan's gambling laws are preempted by federal law as applied to Defendant's sports products."); *Washington*, 2026 WL 1217743, at *1–2 (finding "no obvious affirmative federal question"); *see also Washington v. KalshiEx, Inc.*, No. 26-3106, Dkt. 19.1, at 2 (9th Cir. May 21, 2026) (holding that Kalshi was unlikely to succeed on the merits of its remand argument because Kalshi's argument that the CEA preempts Washington's gambling laws is an affirmative defense). Respectfully, this Court should do the same.

Moreover, state courts are "perfectly capable of handling" federal preemption defenses. *Nessel*, Dkt. 20, at 7; *Massachusetts,* No. 25-cv-12595, Dkt. 34 (similar ruling). Indeed, New Mexico's highest court has done so. *See Srader*, 964 P.2d at 86-88 (holding that federal Indian gaming law does not preempt state and local law enforcement's ability to enforce state gaming laws). Massachusetts state courts are now handling Kalshi's preemption arguments after remand. *Commonwealth vs. KalshiEX, LLC*, No. 2584cv02525, 2026 WL 188019 (Mass. Super. Jan. 20, 2026), *argued*, No. SJC-13906 (Mass. May 04, 2026).

### 3. Kalshi Does Not Meet the Required Elements of the "Substantial Federal Question" Doctrine

Kalshi is unable to satisfy all four necessary requirements to meet the "substantial federal question" doctrine. *See State Ethics Comm'n.*, 741 F. Supp. 3d at 965 (quoting *Gunn*, 568 U.S. at 258) (only "[i]f all four of these requirements are met, 'jurisdiction is proper.'").

8

      i.   <u>The Complaint Does Not "Necessarily" Raise Any Federal Law Issues</u>

The State's Complaint asserts violations of only New Mexico statutory and common law. The State does not assert any federal claims, raise any federal issues, or rely on federal law. Since a plaintiff can "avoid federal jurisdiction by exclusive reliance on state law" under the well-pleaded complaint rule, remand is appropriate. *Caterpillar*, 482 U.S. at 392; *see also id.* at 398–99 ("[T]he plaintiff is the master of the complaint."); *id*. at 399 (referencing the plaintiff's right to "choose to have the cause heard in state court" by "eschewing claims based on federal law"). Kalshi cannot transform a state-law enforcement action into a federal case using removal.

Nonetheless, Kalshi contends that one definitional *state law* provision of New Mexico's Criminal Code—tangentially related only to the State's public nuisance claims, Compl. ¶¶ 160–75—"necessarily" raises federal law.  Notice of Removal, ¶¶ 14-16.  Kalshi relies on the Code's definition of "bet," which excepts "bona fide business transactions," including "contracts for the purchase or sale, at a future date, of securities or other commodities," and "betting otherwise permitted by law." NMSA 1978, § 30-19-1(B). Based on this definition, Kalshi argues that New Mexico cannot prove that Kalshi's sports offerings are "gambling"—the definition of which references the term "bet"—without showing that Kalshi's sports offerings are not authorized by federal law, i.e., the CEA. Notice of Removal, ¶ 14.

This argument is far outside the limited confines of "substantial federal question doctrine." *Gilmore*, 694 F.3d at 1171. The exceptions contained within the definition of "bet" do not raise a federal question; they do not even reference or incorporate federal law. The "law" referred to in the "betting otherwise permitted by law" exception refers to New Mexico law. *See Nevada*, 2026 WL 579364, at *3 (determining in a similar suit against Kalshi that the phrase "except otherwise provided by law" in a Nevada statute refers to Nevada law); *State of Nevada ex rel. Nevada Gaming*

9

*Control Board v. KalshiEX, LLC*, No. 26-1304, Dkt. 20.1, at 2 (9th Cir. May 21, 2026) (concluding that Kalshi was unlikely to succeed on the merits of that remand motion because "law" in a Nevada statute refers to Nevada law); *see also Houston v. Moore*, 18 U.S. 1, 42 (1820) (When "a general reference is made *to law*, . . . it can only relate to the laws of the government making this reference."). New Mexico law, in turn, explicitly criminalizes sports betting.  NMSA 1978, § 30-19-15. Regardless, the interpretation of this state statute is a question of state law best conducted by a state court. *Cf. Pueblo of Santa Ana v. Nash*, 972 F. Supp. 2d 1254, 1262 (D.N.M. 2013) ("Federal courts must defer to a state court's interpretation of its own law.").

Even if Section 30-19-1(B)'s exceptions *could* raise a federal question, for a federal issue to be "necessarily raised," the issue must be an "essential element" of the plaintiff's claim. *Suncor Energy*, 25 F.4th at 1266 (quoting *Gilmore*, 694 F.3d at 1173); *Robertson v. Big Blue Healthcare, Inc.*, 523 F. Supp. 3d 1271, 1287 (D. Kan. 2021); *Grable*, 545 U.S. at 314 (stating that the existence of a federal issue is not "a password opening federal courts to any state action embracing a point of federal law"). Those exceptions are not "essential elements" of any state law claims alleged in New Mexico's Complaint. In addition, it is "well-settled" that the burden of proving an exemption under "a special exception to the prohibitions of a statute generally rests on one who claims its benefits." *Cunningham v. Cornell Univ.*, 604 U.S. 693, 701 (2025) (quoting *FTC v. Morton Salt Co.*, 334 U.S. 37, 44-45 (1948)). Here, Kalshi has raised the exceptions, which are "treated as affirmative defenses, not as elements, to a prohibition." *Utah Physicians for a Healthy Env't, Inc.*, 2024 WL 3276844, at *18.

In the one instance a federal court allowed removal by Kalshi, the claims were brought by a private party under a state statute which Georgia courts had previously concluded requires the

10

application of federal sources of law.[4] *Georgia Gambling Recovery LLC v. Kalshi Inc.*, No. 25-cv-310, 2026 WL 279375, at *2-3 (M.D. Ga. Feb. 3, 2026). But the New Mexico statutes the State is seeking to enforce here do not defer to federal law when prohibiting gambling activities, and thus, no federal issue has been raised. Federal district courts concluded similarly in remanding Nevada and Michigan's cases against Kalshi. *Nevada*, 2026 WL 579364, at *3 ("[T]he Nevada statutes at issue require no interpretation of federal law as the claims are that Kalshi's market offers sport and events-based contracts that are wagers subject to Nevada's gaming laws."); *Nessel*, Dkt. 20 at 5 (Michigan's state law "framework does not require reference to any external sources of law to determine an act's legality.").

ii.     No Centrally Disputed Issues of Federal Law Are Raised Under the Complaint

For an issue to meet the "substantial federal question" doctrine, the issue must also be "actually disputed," i.e., there must be an actual disagreement as to federal law. *See Devon Energy*, 693 F.3d at 1209.  Courts look to whether the issue "on the merits… is the central point of dispute." *Gunn*, 568 U.S. at 259.

Kalshi fails to raise a legitimate "central point of dispute" that would satisfy this element. First, the issues that Kalshi raises on elements one and two are different. Kalshi's alleged "necessarily raised" federal issue—whether New Mexico's Criminal Code uses a definition of bet that relies on federal law, Notice of Removal, ¶ 14—is not the same as Kalshi's alleged "central

---

[4] Federal district courts have remanded at least three other private lawsuits to state court. *Kentucky Gambling Recovery LLC v. Kalshi Inc.*, No. 25-cv-00054, 2026 WL 596107 (E.D. Ky. Mar. 4, 2026); *Ohio Gambling Recovery, LLC v. Kalshi Inc.*, No. 25-cv-1573, 2026 WL 865788 (N.D. Ohio Mar. 30, 2026); *Illinois Gambling Recovery LLC v. Kalshi Inc.*, No. 25-cv-11374, 2026 WL 1164703 (E.D. Ill. Apr. 29, 2026).

11

point of dispute" issue —whether the CEA preempts state gambling law.[5] Notice of Removal, ¶ 17. To the extent Kalshi is arguing it is the same issue, preemption is an affirmative defense that cannot support removal, *see supra* Section III.A.2, and both elements fail on that basis.

        iii.      <u>Removal Would Upset the Federal-State Balance Approved by Congress</u>

Kalshi also fails to establish the fourth element of the substantial federal question doctrine. At the outset, Kalshi makes preemption arguments to support this element, which cannot support removal as noted. *See* Notice of Removal, ¶ 19; *see supra* Section III.A.2.; *State Ethics Comm'n*, 741 F. Supp. 3d at 966–67 (finding under fourth element that "[t]he New Mexico state court in which this suit was lodged is competent to apply any defense grounded in federal law").

Moreover, the State's claims cannot be resolved in a federal forum without impermissibly disrupting the Congressionally approved balance of state and federal judicial responsibility. Namely, the Complaint solely relies on state laws governing gambling, New Mexico has a historic and significant interest and authority in regulating gambling, and there is no federal cause of action.

When, as here, the state has the authority to regulate an area in which it holds a strong interest in regulating, courts have held that the federal-state balance would be disturbed by the exercise of federal court jurisdiction over lawsuits concerning that area. For example, *Gunn* involved a state law claim for legal malpractice based on an underlying patent infringement case. 568 U.S. at 254-55. The Supreme Court acknowledged that the plaintiff's complaint necessarily raised a federal issue under *Grable*, *id.* at 259 but concluded the federal-state balance required

---

[5] Nor is it the central point of dispute in the cases Kalshi cites where Kalshi and the CFTC have sued states in federal court, as none of them address whether determining an act's legality under New Mexico's gambling statutes and public nuisance laws requires the application of federal law. Notice of Removal, ¶¶ 9-12. Similarly, none of the cases against Kalshi that have been remanded to state court address the application of New Mexico gambling law.

12

adjudication in state court because of states' longstanding interest and responsibility in regulating lawyers, *id.* at 264.

Similarly, in *State Ethics Comm'n,* where a state agency alleged defendants had violated New Mexico's Campaign Reporting Act, the Court emphasized the "particularly potent" nature of State authority over its elections when concluding the balance of federal and state judicial responsibilities would be disturbed by its exercise of jurisdiction. 741 F. Supp. 3d at 966*; see also Est. of Kelly Unruh v. Premier Hous. Inc.*, No. 16-cv-1262, 2017 WL 235046, at \*1, \*3 (D. Kan. Jan. 19, 2017) (concluding jurisdiction was lacking where plaintiffs brought state law tort and consumer protection claims and alleged that federal regulations set standard of care, in part because "[t]ort law is traditionally within the domain of state courts") (citation omitted).

As Kalshi acknowledges, New Mexico's Complaint alleges violations of only state law: the New Mexico Gaming Control Act, New Mexico Criminal Code, and statutory and common law governing public nuisance. Notice of Removal, ¶ 6. For over a century, it has been understood that regulation of gambling falls squarely within states' police powers. *Ah Sin*, 198 U.S. at 505–06. Indeed, there is a "coherent federal policy" of respecting this area of state authority. *Murphy*, 584 U.S. at 484. States also have a substantial interest in regulating gambling for the benefit of the public. *See Greater New Orleans Broad. Ass'n, Inc. v. United States*, 527 U.S. 173, 186 (1999) (finding a substantial interest in "reducing the social costs associated with 'gambling'"); *Posadas de Puerto Rico Associates v. Tourism Co. of Puerto Rico*, 478 U.S. 328, 341 (1986) (recognizing substantial interest in the "health, safety, and welfare of its citizens[,]" including as affected by gambling); *Phalen v. Virginia*, 49 U.S. 163, 168 (1850) ("The suppression of nuisances injurious to public health or morality is among the most important duties of government."). New Mexico has long exercised its police power over gambling by passing laws to protect the public health and

13

morals. Compl. ¶¶ 86-129.

Additionally, the lack of a federal cause of action that the State could use to seek redress for Kalshi's violations of its gambling laws is "an important consideration that suggests Congress did not intend for federal courts to exercise jurisdiction in this sort of situation." *Baldonado v. El Paso Nat. Gas Co.*, No. 08-cv-0008, 2008 WL 11322139, at *6–7 (D.N.M. May 7, 2008) (citing *Grable*, 545 U.S. at 318), *report and recommendation adopted*, 2008 WL 11322212 (D.N.M. June 4, 2008); *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1233 n.5 (10th Cir. 2006) ("[A]llowing jurisdiction when Congress had not intended a private right of action would have seriously disrupted the balance of labor between state and federal courts."). The Western District of Michigan concluded the CEA does not provide the State of Michigan with a cause of action which parallels its state law claims. *Nessel*, Dkt. 20, at 8 (noting that "[n]o other court has ever found that the CEA provides a parallel cause of action[.]").

Other federal district courts have concluded the preservation of the federal-state balance required remand in state lawsuits against Kalshi. *See Washington*, 2026 WL 1217743, at *1 ("Removal, undoubtedly, would disturb the federal-state balance provided by Congress. For this reason (amongst others), there is no substantial federal issue. Given how evident this is, the Court declines to address other *Gunn* requirements."). Similarly, in suits by private parties against Kalshi, federal courts have found the "balance of judicial interests weighs heavily in favor of the state courts," *Kentucky Gambling Recovery LLC*, 2026 WL 596107, at *7, and "[t]hat federal law-based defenses may be available to Defendants does not outweigh the state of Ohio's interests in enforcing its own gambling statutes[,]" *Ohio Gambling Recovery LLC*, 2026 WL 865788, at *8.

**B.  Removal is Improper Under 28 USC § 1442(a)(1)**

        **1.  Kalshi, a Private Company, Cannot Remove Under 28 USC 1442(a)(1)**

Subsection (a)(1) of 28 U.S.C. § 1442 allows removal of an action against the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity, for or relating to any act under the color of such office . . . ."  Only a federal "agency" or "officer" may remove a case under § 1442(a)(1). *See* 28 U.S.C § 1442(a) (providing that a civil action "against or directed to any of the following may be removed by *them* to" federal court). Moreover, 28 U.S.C. § 1441(a) is clear that only a "defendant" is allowed to remove a case to federal court. Under a plain reading, therefore, removal is allowed under these statutory provisions only by a federal "agency" or "officer" who is a party defendant. As Kalshi is not a federal agency or officer, and there is no federal agency or officer who is a defendant in the State's case, Kalshi's theory of removal fails. *See Nessel*, Dkt. 20, at 10-11 (citing *Chevron USA Inc. v. Plaquemines Parish*, 146 S. Ct. 1052, 1057 (2026)) ("Under the federal officer removal statute, . . . the removing defendant must be the United States, a federal agency, a federal officer, or a person 'acting under' a federal officer, such as certain private parties hired to assist federal officers.")).

While courts have created an exception allowing private corporations to remove under § 1442(a)(1), in order for a private corporation to do so, it must demonstrate each of the following: "(1) that it acted under the direction of a federal officer; (2) that there is a causal nexus between the plaintiff's claims and the acts the private corporation performed under the federal officer's direction; *and* (3) that there is a colorable federal defense to the plaintiff's claims." *Greene v. Citigroup, Inc.*, No. 99-1030, 2000 WL 647190, at *2 (10th Cir. May 19, 2000) (unpublished) (emphasis added). Kalshi makes no attempt to establish that these criteria are satisfied here, nor

can it. The Supreme Court has rejected attempts by private parties to remove a state court action

by claiming their conduct was directed, supervised, monitored or otherwise regulated by a federal

agency, stating:

> A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official." And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored. A contrary determination would expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries. . . . Neither language, nor history, nor purpose lead us to believe that Congress intended any such expansion.

*Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 150 (2007). Simply because Kalshi is

subject to CFTC regulation and purports to be "subject to a federal mandate to provide 'impartial

national access' to its platform" does not allow for removal under Section 1442(a)(1). Notice of

Removal, ¶ 34.

### 2. The Artful Pleading Doctrine Applies to Omitted Federal Questions, Not Parties

Under the artful pleading doctrine, "a plaintiff may not defeat removal by omitting to plead

necessary federal questions in a complaint. . . ." *Franchise Tax Bd. of Cal.*, 463 U.S. at 22 (citations

omitted). However, if the plaintiff "fails to join a party who could remove the entire action, or

properly joins a nondiverse party, defendants cannot remove the action to federal court on the

ground that an alternative course of conduct was available to the plaintiff would have permitted

removal of the case." *Shay v. RWC Consulting Grp.*, No. 13-cv-0140, 2014 WL 3421068, at *32-

33 (D.N.M. June 30, 2014) (internal quotation marks and citations omitted). Thus, the artful

pleading doctrine evaluates only if a party has failed to plead necessary federal *questions*, not

necessary parties. *Schmeling*, 97 F.3d at 1339 ("Under the 'artful pleading' doctrine . . . a plaintiff

may not defeat removal by failing to plead *federal questions* that are essential elements of the

plaintiff's claim." (emphasis added)); *Nessel*, Dkt. 20, at 11 (noting that the artful pleading doctrine

16

applies to omitted federal questions). Unlike removal based on a federal question, permitting removal based on failure to join necessary parties would require a plaintiff to amend or rewrite the complaint upon removal to include allegations and causes of action against omitted parties. Kalshi offers no authority supporting its request that the Court expand the artful pleading doctrine to allow removal based on an allegedly necessary federal party.

### 3. The CFTC Is Not a Required Party Under New Mexico Law

Because Kalshi cannot justify removal under any established doctrines, it asks the Court to adopt a novel theory that failure to join a necessary party under the state's joinder rule itself can trigger removal under § 1442(a)(1) because the CFTC is both necessary and a federal agency. Notice of Removal, ¶¶ 33-37. To start, because this Court needs subject matter jurisdiction over the case to apply New Mexico's joinder rule, Rule 1-019 NMRA, in the first place, Kalshi's argument is circular. *Nessel*, Dkt. 20, at 11 ("[A]pplying Rule 19 would require the Court to have subject matter jurisdiction over the case, which it would only have if the case were properly removed."). Further, no authority exists that establishes Rule 1-019 as an independent basis for federal removal jurisdiction. *See Washington*, 2026 WL 1217743, at *2 ("Defendant fails to provide the Court with authority for the proposition that a failure to join a necessary Rule 19 party, in and of itself, triggers § 1442(a)(1) removal authority if that party is the United States or its agency […] Nor is the Court aware of such authority."); *Rutherford v. Merck & Co*., 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006) ("The lower federal courts likewise traditionally have recognized that '[t]he question of jurisdiction cannot be determined by the rules of joinder.'") (citations omitted) (collecting cases).

Additionally, even if Rule 1-019 was relevant to federal removal jurisdiction, the CFTC is not a required party under Rule 1-019(A).[6] First, Kalshi argues that complete relief cannot be accorded among the parties without the CFTC's presence because state challenges to Kalshi's illegal conduct would "make it impossible for the regulated DCMs to comply with federal regulations." Notice of Removal, ¶ 34 (quoting Consolidated Pls.' Mot. for Prelim. Inj. & TRO at 18, *KalshiEX LLC v. Johnson*, Dkt. 49 (D. Ariz. Apr. 8, 2026)). This is far from the situation contemplated by Rule 1-019(A)(1), such as in *Little v. Gill*, where the New Mexico Court of Appeals concluded complete relief could not be accorded among the existing parties because state law barred plaintiff's suit against the insurer of the alleged tort-feasor from proceeding when neither the tort-feasor nor a substituted defendant were parties. 2003-NMCA-103, ¶ 17, 134 N.M. 321, 325, 76 P.3d 639, 643. Kalshi offers no explanation for how, if the State prevails in enjoining Kalshi's sports betting offerings under state law, the State's relief would be anything but complete. *See Nessel*, Dkt. 20, at 12 (finding Kalshi had not shown why declaratory and injunctive relief "would not be 'complete' without the CFTC's involvement"). As for CFTC, it has no legal interest in this case. The State is not enforcing New Mexico gaming law against the CFTC. The CFTC "faces no legal exposure" from the relief sought by the state (a declaration and injunction under state law). *Nessel*, Dkt. 20 at 12.

---

[6] Rule 1-019(A) provides that a person "shall be joined" if:

> (1) in his absence complete relief cannot be accorded among those already parties; or
>
> (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:
>
> > (a) as a practical matter impair or impede his ability to protect that interest; or
> >
> > (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest.

18

Kalshi argues that the CFTC has a "claimed" interest in this matter, citing CFTC's preemption arguments, i.e., its "sovereign injuries" from states' applying gambling laws that invade the CFTC's exclusive jurisdiction. Notice of Removal, ¶ 35. That is not the type of legal interest that requires joinder. If it were, every state case filed against a federally regulated company in which a preemption argument could be asserted would also require joinder of the requisite federal regulator. *See Nessel*, Dkt. 20, at 12 (Kalshi's "argument… that complete relief can never be afforded in *any* case that potentially involves federal preemption arguments unless the federal agencies are parties to the case… is farfetched and lacks any support.") (emphasis intact). All this contradicts the principle that preemption defenses do not support removal. *See* Sec. III.A.2.

Other courts considering this issue have concluded that CFTC lacks the requisite interest for joinder. *See Nevada*, 2026 WL 579364, at *6 (concluding that the state "is not trying to enforce [state] gaming law—or any gaming law—against the CFTC, and the CFTC does not face any legal exposure from the relief sought"); *Washington*, 2026 WL 1217743, at *2 ("Nothing in this case suggests Plaintiff is directly attempting to interfere with Defendant's CFTC dealings."); *Washington v. KalshiEx, LLC*, No. 26-3106, Dkt. 19.1, at 2 (9th Cir. May 21, 2026) (state "does not seek to enforce the CEA, nor does it have a claim nor allegation against the CFTC."); *State of Nevada ex rel. Nevada Gaming Control Board v. KalshiEX, LLC*, No. 26-1304, Dkt. 20.1, at 2 (9th Cir. May 21, 2026) ("The CFTC does not have such a legal interest in the action."); *Nessel*, Dkt. 20, at 7 ("Whatever interests the CFTC might have in the outcome of the case, they are insufficient to prevent courts from granting complete relief on Plaintiff's claims against Defendant.").

By comparison, New Mexico Courts have found the interests of governmental non-parties sufficient under Rule 1-019 when the requested relief would directly affect tangible interests of the government entity, unlike the abstract impact on CFTC that Kalshi claims. *See Srader*, 964 P.2d at

19

90 (Tribes were necessary parties where requested relief would halt revenue to Tribes, interrupt commercial relationships, and lead to the "confiscation of property and funds in which the tribes have an interest[.]"); *Elephant Butte Irr. Dist. of N.M. v. Gatlin*, 1956-NMSC-030, ¶¶ 30, 39, 61 N.M. 58, 68, 294 P.2d 628, 635 (federal government was a required party where requested relief would make the operation of a federal wildlife refuge "for the purposes for which it was established" impossible and finding the relief would "expend itself upon the United States, its properties and administration[.]"); *Brantley Farms v. Carlsbad Irr. Dist.*, 1998-NMCA-023, ¶ 28, 124 N.M. 698, 706, 954 P.2d 763, 771 (federal government was required party where relief required water to be released from federally owned reservoirs and federal government owned affected water rights).

Finally, if joinder under state joinder rules is sought and is appropriate, the state court should make that determination. *See Washington v. KalshiEx, LLC*, No. 26-3106, Dkt. 19.1, at 2 (9th Cir. May 21, 2026) (stating that Kalshi was unlikely to succeed on the merits of this argument and that, in any event, "the appropriate remedy would be to compel joinder in state court, not to assert a right to removal"). But at this time, the mere possibility of joinder cannot serve as a basis for removal.

### C.  Removal is Improper Under 28 USC 1442(a)(2)

To support removal under 28 U.S.C. § 1442(a)(2), Kalshi must show both that (1) it is "'[a] property holder whose title is derived from any such officer (officer of the United States or any agency thereof)'" and (2) that "'prosecution affects the validity of any law of the United States.'" *Crow v. Wyoming Timber Products Co.*, 424 F.2d 93, 96 (10th Cir. 1970). Kalshi can establish neither.

20

### 1. Kalshi Does Not Hold Property Derived From the Federal Government

Kalshi's novel argument that "KalshiEX is a property holder with title derived from the CFTC" should be summarily rejected. Notice of Removal, ¶ 21. Specifically, Kalshi insists that "KalshiEX's designation as a DCM creates a clearly defined property right" because "it enables Kalshi to provide services for the trading or processing of swaps." *Id.* ¶ 22. The heart of Kalshi's argument, again, is that its status as a federally regulated entity allows it to remove the case. But the Supreme Court has rejected this theory. *Watson*, 551 U.S. at 153.

Kalshi's citation to a litany of cases for the proposition that Kalshi's designation as a DCM *may resemble* a property right is insufficient, as none have anything to do with removal jurisdiction. *See* Notice of Removal, ¶¶ 22-25. Moreover, the only federal district court to consider Kalshi's argument has rejected it because § 1442(a)(2) applies to real, not intangible, property. *See Washington*, 2026 WL 1217743, at *2 ("In every instance where courts have applied § 1442(a)(2), they did so in instances where real—not intangible—property was at issue […] Defendant provides the Court with no compelling reason to adopt its seemingly novel argument and the Court declines to do so."); *see also Washington v. KalshiEx, Inc.*, No. 26-3106, Dkt. 19.1, at 2 (9th Cir. 2026) ("We also reject Kalshi's argument that it is a property holder with title derived from the CFTC."). Federal case law is in accord. *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc. LLC*, 809 F.Supp.2d 524, 534-35 (E.D. La. 2011) (insisting that "[u]se of the term 'title' implies that the statute applies only to *real property* and not a contractual 'property right'") (emphasis added); *Vermont v. MPHJ Technology Investments, LLC*, 2015 WL 150113, at *7 (D. Vt. 2015) (reiterating that "'title' implies real property and does not extend to a contractual property right").

Even assuming that Kalshi possesses a "property" right as a contract market designee, that right is not at issue here. The State's action against Kalshi's sports betting operations does not, for

example, seek to revoke Kalshi's CFTC designation; rather, New Mexico only asserts state law violations for Kalshi's sports betting operations.

### 2. This Case Will Not Affect the Validity of the Commodity Exchange Act ("CEA")

Kalshi fails to meet the second requirement of § 1442(a)(2), that "prosecution" of the case "affects the validity of any law of the United States." *Crow,* 424 F.2d at 96.  New Mexico's state law claims do not affect the "validity" of the CEA or any other federal law under the meaning of § 1442(a)(2). Even assuming that a federal statute is disputed, a dispute over the "interpretation of a federal statute" is insufficient to support removal under § 1442(a)(2), particularly when the dispute is raised as a defense. *Ute Indian Tribe of the Uintah and Ouray Reservation v. Ute Distribution Corp.*, 455 Fed. Appx. 856, 862 (10th Cir. 2012) (one defense to state law claims "might at most implicate the interpretation of a federal statute, not its validity"); *see also Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 586 F. App'x 604, 608 (2d Cir. 2014) (state court plaintiff's suit "plainly does not challenge the validity of any federal law[,]" where parties disputed whether federal statutes provided a defense).  Kalshi's preemption defense cannot properly invoke § 1442(a)(2). *Cf. Micron Tech., Inc. v. Netlist, Inc.*, No. 25-cv-00323, 2026 WL 827618, at *7 (D. Idaho Mar. 25, 2026) (defendant's "anticipated preemption defense alone cannot establish removal jurisdiction under § 1442(a)(2)").

## IV.   CONCLUSION

For the foregoing reasons, the State respectfully requests that the Court remand this matter to state court pursuant to 28 U.S.C. § 1447(c).

DATED: July 8, 2026           Respectfully Submitted,

**RAÚL TORREZ**
**ATTORNEY GENERAL OF NEW MEXICO**

   */s/Mark Noferi*
Mark Noferi
Senior Litigation Counsel
Olivia den Dulk
Assistant Attorney General
Impact Litigation Division
**NEW MEXICO DEPARTMENT OF JUSTICE**
408 Galisteo Street
Santa Fe, NM 87501
(505) 640-2891
mnoferi@nmdoj.gov
odendulk@nmdoj.gov


**KEEGAN RICHARDSON SOLIMON & WEST LLP**
Justin J. Solimon
Jesse D. Heibel
Kayla J. Jankowski
7424 4th Street NW
Los Ranchos de Albuquerque, NM 87107
(505) 842-6124
jsolimon@indiancountrylaw.com
jheibel@indiancountrylaw.com
kjankowski@indiancountrylaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2026, I caused the foregoing document to be filed with the

Clerk of the Court and served upon on all counsel of record via the Court's CM/ECF system.

<u>      /s/Mark Noferi      </u>
Mark Noferi

24